STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6758
FAX: (415) 436-7234
Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CAMERON ANTHONY ODOM <br><br> Defendant. | No. 4:21-mj-70396 MAG <br><br> STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF PRELIMINARY HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD; ORDER |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Alexis James, and defendant Cameron Anthony Odom ("Defendant"), by and through his counsel of record, Joyce Leavitt, hereby stipulate as follows:

     1.    On March 2, 2021, the Honorable Susan Van Keulen, U.S. Magistrate Judge, issued a Criminal Complaint charging Defendant with Felon in Possession of Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g).

     2.    On March 21, 2021, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives arrested Defendant.

3. On April 1, 2021, Defendant made his initial appearance before the Honorable Robert M. Illman, U.S. Magistrate Judge, and was arraigned on the Criminal Complaint. At that time, a detention hearing was set for April 5, 2021.

4. On April 5, 2021, the parties appeared before the Honorable Judge Robert M. Illman, U.S. Magistrate Judge for a detention hearing. The judge ordered Defendant released under pretrial supervision amongst other conditions. The government requested a 24-hour stay and appealed the magistrate court decision. The Honorable Judge Robert M. Illamn granted the stay and scheduled the case for April 14, 2021 regarding status on detention.

5. On April 14, 2021, pending appeal, parties appeared before the Honorable Judge Robert M. Illman. The matter was continued to May 4, 2021 for status regarding preliminary hearing or arraignment on indictment.

6. On April 16, 2021, the parties appeared before the Honorable Judge Yvonne Gonzalez Rogers. The judge ordered the defendant released, adding additional terms to Defendant's release.

7. On May 4, 2021, parties appeared before the Honorable Judge Kandis A. Westmore. The matter was continued to May 28, 2021. As defense was still reviewing discovery and discussion regarding a pre-indictment resolution were ongoing, the parties agreed to continue to May 28, 2021.

8. The parties have continued engaging in discussions regarding a potential pre-indictment resolution, and defense is still reviewing discovery. The parties request additional time to further their pre-indictment negotiations. The parties believe that failure to grant the continuance would deny Defendant and his counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties are requesting a new status on preliminary hearing or arraignment date of June 10, 2021.

9. Defense counsel represents that his client understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that his client knowingly and voluntarily waives that right and agrees to continue to exclude the time to be charged by indictment and agrees to set a status in this matter on June 10, 2021. Defense counsel further represents that his client knowingly and voluntarily waives the timing for preliminary hearing under Federal Rule of Criminal Procedure 5.1 through June 10, 2021.

10. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of May 28, 2021, to June 10, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

**IT IS SO STIPULATED.**

DATED: May 28, 2021      Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

\_\_\_\_/s_____
ALEXIS JAMES
Assistant United States Attorney

DATED: May 28, 2021

\_\_\_\_/s (signed with permission)\_\_\_\_
JOYCE LEAVITT
Counsel for Defendant Cameron Anthony Odom

**ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Preliminary Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for status on preliminary hearing and arraignment on information or indictment in this matter currently scheduled for May 28, 2021 is continued to June 10, 2021. The time period of May 28, 2021, to June 10, 2021, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

May 28, 2021
DATE

HONORABLE KANDIS WESTMORE
United States



4